1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  WINNIE DIGGS, dba W.D. GRANT )   CASE NO.    1:13-CV-00843-AWI-SKO
    RESEARCH, )
12                                          )   **ORDER ON DEFENDANT'S F.R.Civ.P. 12**
                  Plaintiff, )   **MOTION TO DISMISS** (Doc. 11)
13                                          )
              v. )
14                                          )
    COMCAST CABLE INC.; COMCAST IP )
15  PHONE, LLC; CABLE )
    COMMUNICATIONS, LLC; and Does ONE )
16  through 100, )
                                            )
17            Defendants. )
    _____

18

19                          **I. INTRODUCTION**

20        Defendant Comcast IP Phone, LLC ("Comcast") seeks to dismiss pro se plaintiff Winnie

21  Diggs' ("Ms. Diggs'") claims for breach of contract, fraud, and intentional tort. Comcast contracted

22  with WD Research, under which Ms. Diggs does business. Any fictitious entity cannot appear without

23  an attorney and hence cannot bring the instant claims. Comcast argues that Ms. Diggs' claims are also

24  barred by judicial estoppel because she failed to declare them in her bankruptcy schedules. For the

25  reasons discussed below, the Court DISMISSES this action.

26  / / /

27  / / /

28  / / /

1

# II. BACKGROUND[1]

Comcast entered into a February 10, 2011 Business Class Service Order Agreement ("agreement") to provide telephone and internet services under the account name of WD Research. Ms. Diggs signed the agreement as WD Research's president. Under the agreement, Comcast was to provide telephone and internet services to a Mobile, Alabama address.

Ms. Diggs filed a prior action against Comcast on March 26, 2012 in Kern County Superior Court. The complaint indicated that Ms. Diggs does business as "W.D. Grant Research" and alleged a claim for breach of contract. The breach of contract claim alleged that the telephone services contracted for were inoperative for over 90 days, causing a loss of business and leading to alleged damages.

The prior action was moved to this Court on June 11, 2012, where it was dismissed without prejudice on the grounds that Ms. Diggs could not bring a claim on behalf of W.D. Research and Ms. Diggs had not pled special damages with particularity.

Simultaneous to her prior action, Ms. Diggs was involved in a bankruptcy proceeding which began on January 25, 2012 and ended on May 22, 2012. (*In Re Winnie Diggs* US Bankruptcy Court for the Eastern District of California, Case No. 12-10625) (Doc. 13, Ex. C-D).

The instant action was removed to this Court on June 3, 2013 and concerns the same factual scenario as did the prior action. However, the complaint in the instant action alleges the original breach of contract claim, as well as claims for fraud and intentional tort. The fraud claim is based on advertisements which stated that the Comcast network was "reliable," while "neither [Ms. Diggs'] phone or internet worked." (Doc. 1, p. 9). The intentional tort claim is for the alleged forgery of Ms. Diggs' signature on Defense Exhibit A which was used in the prior action. (Doc. 1, p. 11).

/ / /

/ / /

---

[1] The factual recitation is derived generally from Ms. Diggs' California Judicial Council form complaint ("complaint") (Doc. 1, Ex. A) as well as other matters which this Court may consider on a F.R.Civ.P. 12(b)(6) motion to dismiss.

# III. DISCUSSION

## A.    F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

A motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Simply stated, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Thus, "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements'... are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook,*

*Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

Moreover, a court may consider exhibits submitted with the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)).

With these standards in mind, this Court turns to Comcast's challenges to Ms. Diggs' complaint.

**B.    Appearance Through Counsel**

Comcast contends that WD Research cannot appear pro se through Ms. Diggs and must appear through counsel.

"Corporations and other unincorporated associations must appear in court through an attorney." *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987); *Church of the New Testament v. United States*, 783 F.2d 771, 773–74 (9th Cir. 1986); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d

---

[2] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

1   1305, 1309–10 (2d Cir. 1991) (partnership not allowed to be represented by non-attorney partner). All

2   artificial entities must appear in federal court through counsel. *Rowland v. California Men's Colony*,

3   506 U.S. 194, 202 (1993). This Court's Local Rule 183 provides: "A corporation or other entity may

4   appear only by an attorney."

5          "A litigant appearing in propria persona has no authority to represent anyone other than

6   himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Non-attorney litigants may not

7   represent others. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Church of the New*

8   *Testament v. U.S.*, 783 F.2d 771, 774 (9th Cir. 1986); *McShane v. United States*, 366 F.2d 286, 288

9   (9th Cir. 1966).

10          The record reveals that Comcast entered into the agreement with the entity WD Research and

11  not with Ms. Diggs as an individual. For example, Ms. Diggs signed the agreement as WD Research's

12  president. (Doc. 14, Ex. A, p. 4). Since WD Grant Research is an artificial entity, it must appear

13  through counsel. No counsel has attempted to appear for WD Grant Research, and as such, dismissal

14  of this action is warranted. Since neither Ms. Diggs nor counsel has presented a cognizable argument

15  against dismissal for failure to appear through counsel, Comcast's motion is GRANTED and all claims

16  for WD Grant Research are dismissed.

17  **C.**      **Judicial Estoppel**

18          Comcast invokes judicial estoppel to bar Ms. Diggs' claims from being brought in an

19  individual capacity.

20          Judicial estoppel "precludes a party from gaining an advantage by taking one position, and then

21  seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers and Steamfitters*

22  *Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). "Judicial estoppel is a flexible equitable doctrine based on

23  the estoppel of inconsistent positions in which a litigant who has obtained one advantage through the

24  court by taking a particular position is not thereafter permitted to obtain a different and inconsistent

25  advantage by taking a different position." *In re JZ L.L.C.*, 371 B.R. 412, 420 (9th Cir. BAP 2007).

26          The Ninth Circuit has explained the rationale of judicial estoppel:

27                  The policies underlying preclusion of inconsistent positions are general
                    considerations of the orderly administration of justice and regard for the
28                  dignity of judicial proceedings. . . . Judicial estoppel is intended to protect

against a litigant playing fast and loose with the courts. . . . Because it is intended to protect the dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion.

*Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990), *cert. denied*, 501 U.S. 1260 (1991).

Judicial estoppel is "not confined to inconsistent positions taken in the same litigation," but applies across multiple litigations as well. *See Rissetto*, 94 F.3d at 605; *see also Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir. 2001) ("The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases."). Moreover, "application of judicial estoppel does not turn on whether the estopped party actually benefitted from its attempt to play fast and loose with the court." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 324 (3rd Cir. 2003), *cert. denied*, 541 U.S. 1043 (2004).

Comcast invokes judicial estoppel because none of Winnie Diggs' bankruptcy schedules disclosed her complaint's claims. (Doc. 11, p. 6). According to Comcast's exhibits, Ms. Diggs filed for bankruptcy on January 25, 2012 and received her discharge on May 22, 2012. (Doc. 13, Ex. C-D). Nowhere in her schedules did Ms. Diggs list the potential claim against Comcast, which was filed on March 26, 2012, while her bankruptcy was pending.

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783; *see Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause of action in bankruptcy schedules and disclosure statements estops the debtor from prosecuting that cause of action).

The Bankruptcy Code and Rules "impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Coastal Plains*, 179 F.3d at 207-208; *Hay*, 978 F.2d at 557; 11 U.S.C. § 521(1). The "debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." *Hamilton*, 270 F.3d at 785. The "integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *In re Coastal Plains*, 179 F.3d

at 208.

Application of judicial estoppel is appropriate because Ms. Diggs did not amend her schedules during her pending bankruptcy to include her claims against Comcast. Ms. Diggs was necessarily aware of the claims because she filed this action against Comcast while her bankruptcy was pending. Thus, Ms. Diggs is judicially estopped from bringing the present action.

Ms. Diggs does not address Comcast's points as to judicial estoppel or appearance through counsel. Ms. Diggs seems to argue that despite these legal principles, her case should proceed because the "California Rules" prefer resolution on the merits, and because Comcast should not be allowed to "misuse[]the rules governing our system." (Doc 18. p. 14).  For this assertion, Ms. Diggs cites *Handling Cases Involving Self-Represented Litigants*, http://www.courts.ca.gov/partners/documents/benchguide_self_rep_litigants.pdf, which in turn cites *Harding v. Collazo*, 177 Cal.App.3d 1044, 1061 (1986), and *Simon v. City and County of San Francisco*, 79 Cal.App.2d 590, 600 (1947). The *Harding* dissent cited states that courts should be very liberal when granting leave to amend, thereby allowing most cases to proceed to the merits. *Harding*, 177 Cal.App.3d. at 1061. In *Simon*, a defendant purposefully failed to object to the deposition of a witness who had not been properly served. *Simon*, 79 Cal.App.2d at 599-600. During trial, the defendant objected to that witness to prevent plaintiff from using the witness testimony, as the time for service was long past. *Id.* at 600. That court found it inherently unjust to bar the witness when such gamesmanship was used by the defendant. *Id.*

Here, unlike in *Harding*, leave to amend should not be granted because the issues at bar are incurable by amendment. Further, this is not a case of Comcast's using judicial gamesmanship to achieve an unjust result as in *Simon*. In fact, allowing the instant action to proceed would be a violation of the "integrity of the bankruptcy system" and would reward Ms. Diggs for not making a "full and honest disclosure" of her assets. *In re Coastal Plains*, 179 F.3d at 208. As such, Ms. Diggs would be rewarded for "gamesmanship in legal practices" and her creditors would be deprived of "truth and integrity" in the bankruptcy proceeding. (Doc. 18, p. 14).

Since Ms. Diggs has presented no cognizable argument against dismissal based on judicial estoppel, Comcast's motion is GRANTED. As Ms. Diggs is now barred from bringing the instant

action for herself and WD Grants Research, the Court finds it unnecessary to examine the individual causes of action on the merits.

## IV. CONCLUSION & ORDER

For the reasons discussed above, this Court:

1.     GRANTS Comcast's motion to dismiss and dismisses this action and all claims; and

2.     The clerk is directed to close this case no. 1:13-CV-00843-AWI-SKO.

IT IS SO ORDERED.

Dated:   **July 12, 2013**                    **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

8